**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC ENDAMNE, | : |
| Petitioner, | : Civil Action No.   14-3357 (JLL) |
| v. | : **OPINION** |
| ERIC HOLDER, et al., | : |
| Respondents. | : |

**LINARES**, District Judge

Petitioner Eric Endamne ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey, pending his removal from the United States. On or about May 21, 2014, Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenged his detention. (ECF No. 1.) For the reasons stated below, this Court will deny the Petition.[1]

**I. BACKGROUND**

Petitioner is a native and citizen of the Republic of Congo. (Pet. ¶ 6.) He entered the United States on a "V-1 visa" on July 12, 2005. (*Id.*) On October 27, 2008, Petitioner was ordered removed by an Immigration Judge. (*Id.*) On August 17, 2013, Petitioner was picked up by ICE and he has been in detention since that date. (*Id.*) Petitioner alleges that he has been

---

[1] In addition to Roy L. Hendricks, Warden of Essex County Correctional Facility, Petitioner has also named various federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the petitioner is being held. Accordingly, Warden Roy L. Hendricks is the only properly named Respondent in this action, and the other named respondents will be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

detained for more than six months since his order of removal became final and there is no significant likelihood of removal in the reasonably foreseeable future. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his detention is not statutorily authorized by 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States ..."). Once an alien's order of removal is final, the Attorney General is required to remove him or her

2

from the United States within a 90–day "removal period." *See* 8 U.S.C. § 123 1(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90–day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90–day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90–day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court

recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, Petitioner alleges that his order of removal became final on August 12, 2013 (Pet. ¶ 22.) If Petitioner's order of removal became final on August 12, 2013, the six month presumptive period ended on February 12, 2014. However, the *Zadvydas* Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable.

In the petition, Petitioner simply argues that he has been detained for more than six months since his order of removal became final and "[t]here is no significant likelihood that petitioners' removal will occur in the reasonably foreseeable future. Petitioner does not pose a danger to the community or a risk for flight, does not have any infectious disease, and no special circumstances exist to justify his continued detention." (Pet. ¶ 26.) However, these allegations are not sufficient to support his conclusion that his removal is not reasonably foreseeable and, under these

4

circumstances, *Zadvydas* does not require DHS to respond by showing that removal is foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). *See also Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future....Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted). Because Petitioner has not asserted facts showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, his detention is authorized by § 1231(a)(6). *See, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here.").

This dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice. An appropriate order follows.

Dated:

Jose L. Linares, U.S.D.J.

5